OPINION
GARYP. SULLIVAN, Chief Justice.

Brief Factual Background and Procedural History

D.R.B. was born to Audrey Ghost Dog and Donovan Red Boy, Sr. on December 2, 1982. On December 7, 1989, our Tribal Court granted primary custody of D.R.B. to Donovan with visitation to Audrey.
On February 16, 1999, Audrey filed a custody petition stating that she would like D.R.B. to live with her so that her son can go to school in Wolf Point for the coming year. She further states that D.R.B. is with her every weekend and that Ms father resides in Brockton, MT., never helping with food or gas money so that D.R.B. can practice basketball every evening. Audrey also alleges that D.R.B. would rather stay with her.
On April 6, 1999, Judge Christian issued a Temporary Custody Order giving full custody to Audrey. The Court ordered a home study on Audrey as well as an evaluation from the Spotted Bull Treatment Center. The drug/alcohol evaluation was completed on April 26, 1999 and the home study was completed on April 27, 1999.
On April 29, 1999, D.R.B. submitted a written statement to the Judge stating that he would like to live with his natural mother and continue to attend school in Wolf Point. The statement was filed the same day.
Audrey’s employer, ShaRonne Y. Hanson, R.N., CEO of the Fort Peck Tribal Dialysis Center, wrote a letter of reference on April 21, 1999. Audrey also submitted a letter of reference by a friend on April 26,1999.
On July 2, 1999, Donovan filed a Motion to Dismiss the temporary custodial order on the basis that he received only the summons and not the petition itself, and further, that he had enjoyed custody of D.R.B. since 1989. Judge Christian denied the motion.
On August 5, 1999, Judge Christian held a Fact Finding Hearing regarding custody of D.R.B., at the conclusion of which, he announced that he saw “no outstanding reason why (custody in the father) should not continue”.
*316 On September 8, 1999 [1], Roxanne Gour-neau, a duly licensed Lay Counselor, filed a Motion to Stay Judgment on behalf of Audrey. On the same day, Audrey filed a Petition for Review requesting that this Court review the Tribal Court’s custodial order. On September 15, 1999, Chief Judge A.T. Stafne granted the Motion to stay the Tribal Court’s custodial order.

Issues Presented

Audrey bases her petition on various “failures” of the.Tribal Court: 1) the Tribal Court failed to provide equal protection and due process to Audrey in her efforts seeking custody of D.R.B.; 2) the Tribal Court granted custody to Donovan when (ostensibly) Donovan’s home study and drug and alcohol evaluation were not complete; 3) the Tribal Court failed to consider D.R.B.’s preference to live with his mother; 4) Donovan failed to immediately assume his custodial parenting responsibilities by failing to provide shelter, emotional support and day-to-day supervision of D.R.B[2].

Standard of Review

Our Tribal Court has broad discretion in the determination of child custody and support issues. We will not overturn the Tribal Court’s judgment based upon factual findings unless a review of the entire record shows that such judgment was not supported by substantial evidence, (Title II CCOJ 2000 § 204 ); In re: Billie FPCOA #316, 2001 WL 36152111,-Am. Tribal Law-(2001); or we find that the Court abused its discretion. (Tribes v. Adams, FPCOA # 209), (“ | Court of AppealsGS will not set aside the factual findings of the Tribal Court, or substitute its judgment for such factual findings, absent an abuse of discretion”). Whether Audrey’s equal protection and due process rights have been violated is a question of law, which requires a de novo review. (Title II CCOJ 2000 § 204)

Discussion

Unfortunately, we are unable to reach any of the issues presented by Audrey due to the Tribal Court’s failure to make factual findings. The Tribal Court’s order contains a section entitled “Finding of Fact”, however, upon examination we find a mixture of ‘fact finding’ and ‘legal conclusions’:
“Finding of Fact
1. That, the Fort Peck Tribal Court has jurisdiction in this matter in accordance to Title 1 Section 107, of the CCOJ.
2. That, the respondent has had custody of the above-said youth and this court finds no outstanding reason why that should not continue.
3. That, all attempts by both parties for a custody agreement on their own part have come to no avail and there was a need for the court to intervene in order for this matter to come to a logical conclusion for the best interest of the above-said youth.
4. That, this court does now come to the following Custody Order not only for *317 the best interest of the above-said youth but for all parties involved.” (Tribal Court Order from hearing on August 5, 1999, signed on August 7, 1999, and filed on August 19, 1999.)
The Court goes on to issue its Order, which included a grant of custody to Donovan. However, we note that the Court does not state the basis upon which it grants custody to Donovan. It is well settled that the paramount consideration in child custody matters is “the best interests of the child.” In re: Billie, FPCOA #316, 2001 WL 36162111, 3 Am. Tribal Law 309. At the conclusion of its introductory remarks, the Tribal Court makes this statement regarding the “best interests” of D.R.B.:
“This Court, after reviewing the file and hearing recommendations in the form of testimony and written and verbal reports submitted to this court in reference to the matter. Now comes to the following Finding of Fact and Disposition with the best interest of the above-said Indian youth in mind.”
Title X CCOJ 2000 § 304(b) is the controlling authority for determining the ‘best interests’ of children for custodial purposes:
“In determining the best interests of the child, the Court shall consider the relative ability of the parents to provide adequate food, clothing, shelter, medical care, love and emotional support and day-to-day supervision. The Court shall also take into account the desires of the child. Difference in financial means alone shall not be the deciding factor.” (Our emphasis)
We set forth the standard for custodial orders in a recent case, stating:
“To comport with the requirements of § 304(b), our Tribal Courts must make findings that reflect the factual basis for their ‘bottom line’ decisions. In doing so, the Court should set forth the occasion that brings the matter to the Court’s attention (i.e. a non-custodial parent’s petition for custody, etc.), brief basic facts about the children in controversy, a brief history of the living conditions and environment of those children immediately prior to the matter coming before the Court, the legal custodial status of the children immediately prior to the pending petition, as much relevant information regarding the adult litigants as is available, as well as all of the elements of ‘best interests of the child’ set forth in as much detail as necessary to place the litigants on notice of how and why the Court made its decision.” Owens v. Matthews, FPCOA # 336, 2000 WL 35716694, 2 Am. Tribal Law 215 (2000)
Regrettably, the Tribal Court’s order falls far short of the O-wens mark. Although it states that “reviewing the file and hearing recommendations in the form of testimony and written and verbal reports submitted to (the) court” constituted the basis for the Court’s decision, the order fails to address even one of the requirements set forth in § 304. We have no way of knowing upon what basis the Court made its decision. Thus, we also have no way of knowing whether the Court met the requirements of § 304.
Accordingly, the Order of Custody filed on August 19, 1999, is reversed and the matter is remanded to the Tribal Court to conduct new proceedings in accordance with § 304 and then issue its custodial order consistent with all of the requirements contained herein.
CONCUR: GARY M. BEAUDRY, Associate Justice, CARROLL JAMES DeCOTEAU, Associate Justice.

. Donovan filed a Motion to Dismiss the Petition for Review based upon the tact that it was not filed timely. Title II CCOJ 2000 § 207 requires that a Petition for Review be filed within 15 days. "15 days” has been interpreted by this Court as "15 working days”. Gambles — v. Buck Elk Jr. FPCOA # 072 (1989). The order was filed on August 19, 1999. Audrey’s petition was filed on September 8, 1989. Thus, Audrey’s petition was filed in a timely manner.

. Audrey's fourth issue is not ripe for review in that she's alleging post-trial conduct. Any such allegation would be a matter for our Tribal Court.